# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMBA ERIC KONDEH KAMARA,** | : | |
| Petitioner | : | |
| | : | No. 1:17-CV-01176 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN CLAIRE DOLL,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Samba Eric Kondeh Kamara's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Immigration and Customs Enforcement ("ICE"), at the York County Prison without a bond hearing (Doc. No. 1.) For the reasons stated herein, Kamara's petition will be granted insofar as he seeks an individualized bond hearing.

## I.  BACKGROUND

Kamara is a citizen and native of Sierra Leone who was admitted to the United States as a lawful permanent resident on April 15, 2009. (Doc. No. 5 at 2.) Petitioner was convicted in the United States District Court for the District of Minnesota on April 20, 2016, of aiding and abetting in violation of 18 U.S.C. § 2, and bank fraud in violation of 18 U.S.C. § 1344, and was sentenced to ten months' imprisonment. (Id.) Petitioner was issued a Notice to Appear on July 19, 2016, charging him as removable pursuant to Section 237(a)(2)(A)(i) of the Immigration and Nationality Act ("INA"), due to his conviction of a crime involving moral turpitude. (Id. at 3.) On June 13, 2017, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered Petitioner removed from the United States to Sierra Leone. (Id.) There is a pending appeal before the Board of Immigration Appeals ("BIA"). (Id.)

On July 5, 2017, Kamara filed the instant petition for writ of habeas corpus seeking release under supervision or an individualized bond hearing, since he has been in the custody of ICE since September 7, 2016. (Doc. No. 1.) The Court issued an Order on July 11, 2017, directing Respondent to show cause as to why relief should not be granted. (Doc. No. 3.) The Government has responded to the petition (Doc. No. 5), conceding that Petitioner is entitled to an individualized bond hearing before an immigration judge due to the prolonged length of his detention. See Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, No. 14-CV-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015). The time to file a traverse has passed. Accordingly, the petition is now ripe for disposition.

## II.  DISCUSSION

In the instant petition, Petitioner challenges the constitutionality of his continued detention without a bond hearing prior to the entry of a final order of removal. (Doc. No. 1.) Petitioner's detention is authorized pursuant to 8 U.S.C. § 1226(c), which requires the Attorney General to "take into custody any alien who . . . is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).[1] Section 1226(c) requires mandatory pre-removal detention without bond of aliens convicted of certain enumerated offenses, including aggravated felonies.

The United States Court of Appeals for the Third Circuit in Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011), and more recently in Chavez-Alvarez v. Warden York

---

[1] There is no dispute that a final order of removal has not yet been entered with respect to Petitioner's deportation proceedings, as his appeal before the BIA remains pending. (Doc. No. 5, Ex. 4); see 8 U.S.C. § 1231(B) (providing that the removal period begins on the date the order of removal becomes administratively final). Accordingly, Kamara's detention falls within the ambit of § 1226(c).

County Prison, 783 F.3d 469, 475 (3d Cir. 2015), examined the constitutionality of prolonged detention under Section 1226(c) pending a final order of removal. In Diop, the Third Circuit recognized that Section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community, " and found that the petitioner's thirty-five month detention pending a final order of removal was unreasonably prolonged. 656 F.3d at 235. In Chavez-Alvarez, the Third Circuit expounded on the reasonableness approach, holding that in cases where a petitioner brings a good-faith challenge to his removal from the United States:

> [B]eginning sometime after the six-month timeframe . . . , and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh [] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.

783 F.3d at 478.

Accordingly, where a petitioner's detention extends beyond the six-month to one-year time frame, the reviewing court should order an individualized bond hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; Chavez-Alvarez, 783 F.3d at 475. Moreover, at the individualized bond hearing, the "Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Diop, 656 F.3d at 233.

With the above framework in mind, it is evident that Petitioner has shown that he is entitled to an individualized bond hearing. The Court has no reason to suspect that Petitioner's legal challenge to this case is not presented in good faith. See Chavez-Alvarez, 783 F.3d at 478. Also, Petitioner's prolonged mandatory detention without a bond hearing is just shy of one year, at which point mandatory detention is presumed excessive. Id. at 478. Therefore, the Court concludes that Petitioner is entitled to an individualized bond hearing where the government will have the burden of demonstrating that continued detention is necessary to fulfill the purposes of Section 1226(c).[2]

## III. CONCLUSION

For the reasons set forth above, Petitioner Samba Eric Kondeh Kamara's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be granted to the extent that Petitioner will be afforded an individualized bond hearing before an immigration judge. An appropriate Order follows.

---

[2] Both parties suggest that the bond hearing should be conducted before an immigration judge, as opposed to this Court. (Doc. No. 1, at 6; Doc. No. 5, at 2.) The Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. Chavez-Alvarez, 783 F.3d at 478 n.12; see also Leslie v. Holder, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (providing that "deference . . . should be accorded in the first instance to agency decision-making processes"). Federal courts frequently defer to immigration judges under these circumstances, rather than conducting their own bond hearing. See, e.g., Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015). Accordingly, the Court will direct that Petitioner's individual bond hearing will be before an immigration judge, at which time the government will bear the burden of proving that Petitioner's continued detention is necessary.